```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————————
CHARLES KENYATTA, JR.,
                    Plaintiff,            24-cv-6923 (JGK)

        - against -                       MEMORANDUM OPINION
                                          AND ORDER
SEAN COMBS, ET AL.,
                    Defendants.
———————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Charles Kenyatta, Jr. ("Kenyatta") brought this action against the defendants, Sean Combs and Bad Boy Entertainment ("BBE"), alleging trademark infringement. The Clerk of the Court issued a summons for BBE, and the plaintiff filed an affidavit of service, asserting that BBE had been served. Shortly thereafter, the plaintiff filed a proposed Certificate of Default, and the Clerk issued the Certificate of Default. BBE now moves to vacate the Certificate of Default, alleging that service was deficient and the Court lacked personal jurisdiction over BBE.

**I.**

On September 6, 2024, the plaintiff filed the Complaint in this action. ECF No. 1. Because the Court approved the plaintiff's motion to proceed in forma pauperis, the Court issued an order authorizing the plaintiff "to rely on the Court and the U.S. Marshals Service to effect service on Defendants."

ECF Nos. 10–11.[1] On October 8, 2024, the Clerk of the Court issued a summons for BBE. ECF No. 13.

On October 26, 2024, the plaintiff filed an affidavit of service, asserting that service on BBE was effected on October 4, 2024—four days before the Clerk of the Court issued the signed summons. See ECF No. 16. On October 29, 2024, when BBE had not yet responded to the Complaint, the plaintiff filed a proposed Certificate of Default, followed by a declaration requesting the entry of the Certificate of Default. ECF Nos. 17–18. In the declaration, the plaintiff stated that he "served Defendant Bad Boy Entertainment LLC on 10/04/2024." ECF No. 18. On October 30, 2024, the Clerk of the Court issued the Certificate of Default. ECF No. 19.

BBE now moves to vacate the Certificate of Default, alleging that service was deficient, and the Court therefore lacked personal jurisdiction over BBE and could not issue a Certificate of Default. ECF No. 24. Alternatively, BBE alleges that the Certificate of Default should be set aside for good cause. Id.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

**II.**

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of [the] district court" Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). BBE moves to vacate the Certificate of Default pursuant to Federal Rule of Civil Procedure 55(c).

A district court may, "set aside an entry of default for good cause," Fed. R. Civ. P. 55(c). To evaluate whether "good cause" exists, courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp., 10 F.3d at 96. Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96; see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (expressing the Second Circuit Court of Appeals' "strong preference for resolving disputes on the merits").

**III.**

In this case, the plaintiff concedes in his opposition brief that the Summons lacked the Clerk of the Court's signature and seal. See Opp. Mem. § VII, ECF No. 30. The Summons therefore

3

did not comply with the requirements of Federal Rule of Procedure 4(c), which provides that "[a] summons must be served with a copy of the complaint," or Rule 4(a)(1)(F)-(G) which requires that "[a] summons must: be signed by the clerk; and . . . bear the court's seal." The Court therefore lacked the personal jurisdiction over the defendant necessary to issue the Certificate of Default.

The plaintiff's argument that the Court has personal jurisdiction over BBE because of BBE's contacts with the forum state is unavailing because proper service of process is an independent prerequisite to the Court's ability to exercise personal jurisdiction over the defendant. See Omni Cap. Int'l, Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").[2]

Moreover, good cause justifies setting aside the Certificate of Default. The Second Circuit Court of Appeals has expressed a preference for resolving disputes on the merits, see Green, 420 F.3d at 104, and Defendant BBE appears ready to

---

[2] The plaintiff also contends that he served BBE's attorney via certified mail on October 18, 2024. Opp. Mem. § VI. However, BBE never authorized defense counsel to accept service for BBE. "Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process." Sartor v. Toussaint, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order).

4

defend the case. The plaintiff has also failed to show that any prejudice has resulted from the brief period of delay in the case. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) ("[D]elay alone is not a sufficient basis for establishing prejudice. Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."). The plaintiff filed this action in September 2024. ECF No. 1. The Clerk of the Court issued the Certificate of Default only five days after the plaintiff contends a response to the Complaint was due. See ECF No. 19. BBE moved to vacate the Certificate of Default only one day after it was issued. See ECF No. 22. Any delay was exceedingly brief, and the plaintiff has not shown that he suffered any prejudice.

The other two good cause factors also favor BBE. First, the plaintiff offers no support for his assertion that BBE's alleged default was willful. Meanwhile, BBE contends that it was unaware that the plaintiff had purportedly effected service. Under the standard for a motion to vacate a default, any doubt "should be resolved in favor of the defaulting party," see Enron Oil, 10 F.3d at 96, and pursuant to that standard, this Court concludes that BBE's delay was not willful. Second, BBE has proffered several defenses on the merits and the standard for asserting a "meritorious defense" is not demanding. See Am. All. Ins. Co. v.

5

Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive . . . . A defense is meritorious if it is good law so as to give the factfinder some determination to make."). Accordingly, there is good cause to set aside the Certificate of Default.

## CONCLUSION

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to vacate is **granted**. The Clerk is directed to vacate the Certificate of Default. See ECF No. 17. The Clerk is also directed to close ECF No. 22. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and note such mailing on the docket.

SO ORDERED.
Dated:    New York, New York
          November 20, 2024

_____
John G. Koeltl
United States District Judge

6