**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES KENYATTA, JR., Plaintiff, v. SEAN COMBS and BAD BOY ENTERTAINMENT LLC, Defendants. | Civil Action No. 24-cv-6923 (JGK) (GS) **CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

**1.** **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on July 20, 2026 and July 21, 2026 via email due to Plaintiff's present incarceration.

**2.** **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff's Summary:

Plaintiff alleges that he is the owner of the federally registered ACT BAD and ACT BAD ENTERTAINMENT trademarks and that he has continuously used those marks in interstate commerce since at least 2020, prior to Defendants' challenged use, in connection with clothing, apparel, merchandise, music, entertainment services, branding, promotional activities, and related goods and services. Plaintiff alleges that he invested substantial time, effort, and resources in developing and promoting the ACT BAD brand, resulting in valuable goodwill and consumer recognition.

Plaintiff further alleges that Defendants knowingly adopted and used the identical ACT BAD designation without Plaintiff's authorization in connection with the promotion of the song "Act Bad," branded merchandise, advertising, marketing, and related commercial activities. Plaintiff alleges that Defendants' use of the ACT BAD designation is likely to cause consumer confusion, mistake, or deception regarding the source, sponsorship, affiliation, endorsement, or approval of Defendants' goods and services.

Plaintiff alleges that Defendants' conduct constitutes trademark infringement under 15 U.S.C. § 1114 and unfair competition and false designation of origin under 15 U.S.C. § 1125(a). Plaintiff further alleges that Defendants' conduct has caused damage to Plaintiff's business, goodwill, reputation, and trademark rights and seeks all relief available under the Lanham Act

and other applicable law, including injunctive relief, damages, Defendants' profits to the extent authorized by law, costs, and any other relief the Court deems appropriate.

Defendants' Summary:

The Second Amended Complaint ("SAC") alleges that Plaintiff owns registered trademarks in ACT BAD and ACT BAD ENTERTAINMENT. It further alleges that (i) Plaintiff has used ACT BAD in commerce since at least 2020 for clothing, merchandise, music, and entertainment-related activities; and (ii) Defendants knowingly used the identical designation without authorization to promote the song "Act Bad," sell branded merchandise, and conduct related promotional campaigns. The SAC also alleges claims for trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a).

Defendants deny the SAC and specifically that: (i) Plaintiff has any superior, valid, or enforceable trademark right; (ii) Defendants used any mark without authorization; (iii) consumers were confused by Defendants' activities, and (iv) Plaintiff suffered recoverable damages or harm.

Defendants have asserted multiple affirmative defenses that bar Plaintiff's recovery, including, without limitation, failure to satisfy the elements of each claim, laches, statute of limitations, consent or license, acquiescence, waiver, estoppel, fair use, abandonment, unclean hands, invalidity and lack of distinctiveness, alleged fraud on the USPTO, and protection under the First Amendment for use of "ACT BAD" as the title of an expressive work. Defendants deny they acted willfully and assert that any claimed damages suffered by Plaintiff are speculative, unmitigated, or were caused by third parties.

**3. Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

The parties agree that the Court has subject matter jurisdiction because the claims arise under federal trademark law under 28 U.S.C. §§ 1331 and 1338.

**4. Subjects on Which Discovery May Be Needed:**

Plaintiff's Summary:

Plaintiff anticipates that discovery will include, but not be limited to, documents, electronically stored information, testimony, and other evidence concerning: (i) Defendants' adoption, selection, development, approval, registration (if any), and commercial use of the ACT BAD designation; (ii) Defendants' creation, promotion, marketing, licensing, manufacture, distribution, sale, and advertising of the song "Act Bad," related merchandise, and promotional campaigns; (iii) Defendants' knowledge of Plaintiff, Plaintiff's ACT BAD and ACT BAD ENTERTAINMENT trademarks, trademark registrations, and Plaintiff's prior use of the marks; (iv) Defendants' revenues, profits, sales, licensing agreements, royalty payments, merchandising revenue, advertising expenditures, and other financial information relevant to damages, disgorgement, unjust enrichment, and other available relief; (v) documents and communications relating to actual or likely consumer confusion, affiliation, sponsorship, endorsement, goodwill, and marketplace recognition; (vi) documents and communications

supporting Defendants' affirmative defenses, including but not limited to consent, license, acquiescence, waiver, estoppel, fair use, abandonment, unclean hands, invalidity, alleged fraud on the USPTO, and First Amendment defenses; (vii) communications among Defendants and third parties concerning the ACT BAD designation, including communications with artists, producers, record labels, distributors, manufacturers, retailers, advertisers, and licensing entities; and (viii) any other documents or information relevant to Plaintiff's claims, Defendants' defenses, liability, damages, or equitable relief. Plaintiff anticipates conducting written discovery, third-party discovery, party and non-party depositions, expert discovery, and any additional discovery permitted under the Federal Rules of Civil Procedure.

Defendants' Summary:

Defendants anticipate that relevant evidence will include, without limitation, documents and electronically stored information, such as they may exist, concerning: (i) Plaintiff's registration of the ACT BAD and ACT BAD ENTERTAINMENT marks, including the circumstances leading up to their registration; (ii) Plaintiff's alleged use of the purported marks and Defendants' alleged infringement of them pre- and post-registration; (iii) any likelihood of confusion between Plaintiff's and Defendants' asserted marks, and (iv) other issues affecting liability or damages. The parties plan to pursue party, non-party, and expert depositions.

5. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than August 28, 2026.

   a. Plaintiff will disclose by August 28, 2026 the information required by Fed. R. Civ. P. 26(a)(1).

   b. Defendants will disclose by August 28, 2026 the information required by Fed. R. Civ. P. 26(a)(1).

6. **Amended Pleadings:**

   a. Additional parties may not be joined after September 11, 2026. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

   b. Amended pleadings may not be filed after September 11, 2026. Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

7. **Discovery Plan:**

   a. All fact discovery shall be completed by February 26, 2027.

   b. Initial requests for production shall be served by September 23, 2026. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by September 23, 2026. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

**d.** Requests to admit shall be served by November 20, 2026.

**e.** Depositions shall be completed by February 26, 2027.

**f.** The parties do not propose any further limits on discovery at this time. However, they reserve the right to seek leave of Court to modify or expand discovery, to the extent permitted by the Court and the applicable rules, should the need arise in the course of discovery.

**g.** Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

**h.** The parties presently have no disputes to address with the Court regarding fact discovery, except the concern that depositions of Plaintiff and Defendant Sean Combs must be taken at Sing Sing Correctional Facility, a New York state prison, and FCI Fort Dix, a New Jersey federal prison. The timing of those depositions may impact the fact discovery deadline above. The parties shall keep the Court abreast of their ability to depose each other based on the authorizations granted by each correctional facility.

**8. Expert Discovery (if applicable):**

**a.** The parties do anticipate using testifying experts.

**b.** The parties anticipate that expert testimony may be used for issues concerning the following: trademark registration practice; registration of trademarks for clothing and branded merchandise; trademark distinctiveness and strength; branding and merchandising practices; likelihood of consumer confusion; damages; and any other issues for which expert testimony is permitted under federal law, rules, and practices.

**c.** Expert discovery shall be completed by April 30, 2027.

**d.** By February 12, 2027, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(c) above.

**e.** The parties do not presently wish to bring any disputes before the Court regarding expert discovery. However, they reserve the right to bring such disputes to the Court if such disputes arise in the future.

**9. Electronic Discovery and Preservation of Documents and Information:**

**a.** The parties have not discussed electronic discovery.

**b.** If applicable, the parties shall have a protocol for electronic discovery in place by September 25, 2026.

**c.** The parties do not presently wish to bring any disputes before the Court regarding electronic discovery. However, they reserve the right to bring such disputes to the Court if such disputes arise in the future.

**10. Anticipated Motions (other than summary judgment, if any):**

No motions are presently anticipated by the parties.

**11. Summary Judgment Motions:**

No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge.

**12. Pretrial Submissions:**

The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after a decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**13. Trial:**

**a.** The parties do not consent to a trial before a Magistrate Judge.

**b.** This case is to be tried to a jury.

**c.** The parties anticipate that the trial of this case will require not less than 7 days.

**14. Early Settlement or Resolution:**

**a.** Settlement discussions have not taken place.

**b.** The parties have not exchanged such information and do not believe that settlement discussions would be appropriate or beneficial at this time. However, they reserve the right to conduct settlement discussions in the future if and when such discussions appear warranted.

**c.** The parties have not discussed the use of alternative dispute resolution mechanisms and do not believe that such mechanisms would be appropriate or beneficial at this time. However, they reserve the right to discuss alternative dispute resolution mechanisms in the future if and when such mechanisms appear warranted. If the Court believes that such mechanisms must be employed, the parties recommend that the Court address the issue after the summary judgment stage of this action.

**d.** The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**15. Other Matters the Parties Wish to Address (if any):**

The parties do not presently have any other matters that the Court should address at this time.

**16.** The Court will fill in the following:

☐ A status conference will be held before the undersigned on
**____________________ at _______ .m. in Courtroom 9A, 500 Pearl Street.**

☐ The parties shall submit a joint status letter by __________________________ no longer than ____ pages.

**Respectfully submitted this ________ day of ______________________,**

PLAINTIFF:

*/s/ Charles Kenyatta, Jr.*

Charles Kenyatta, Jr.

c/o Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
actbad.ent7@gmail.com

*Pro Se*

DEFENDANTS:

*/s/ Jonathan D. Davis*

Jonathan D. Davis

Jonathan D. Davis, P.C.
1 Rockefeller Plaza, Suite 1712
New York, NY 10020
(212) 687-5464
jdd@jddavispc.com

*Attorneys for Defendants Sean Combs and Bad Boy Entertainment LLC*

SO ORDERED:

GARY STEIN
**United States Magistrate Judge**

July 30, 2026

Dated

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)

## HOW TO ACCESS OUR SERVICES

For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.