JONATHAN D. DAVIS, P.C.
ATTORNEYS AT LAW

1 ROCKEFELLER PLAZA
SUITE 1712
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

November 2, 2026

**VIA ECF**

The Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 9A
New York, New York 10007

Re: *Kenyatta v. Combs, et al.*, Case No. 24-cv-6923 (JGK)(GS)

Dear Judge Stein:

We are the attorneys for Defendants Sean Combs and Bad Boy Entertainment LLC ("BBE" and collectively, "Defendants") in the above-referenced action. I write to update the Court concerning significant developments in the action and to request a settlement conference as soon as one can be scheduled. Plaintiff does not consent to this request.

Since the July 30 conference, the Parties have engaged in written discovery in compliance with the Scheduling Order. (Dkt. No. 125.) Neither Defendants nor Plaintiff have yet responded to each other's requests, as the deadline was mutually extended until November 20, 2026.

However, in the interim, we requested that Defendants obtain, through their custodian of records, Tri Star Sports & Entertainment Group, Inc. ("Tri Star"), all financial records pertaining to any sales of merchandise or items bearing the allegedly infringing mark "ACT BAD," which were offered and sold by either Defendant (the "Merchandise").

The business records reviewed were made at or near the time of the transactions by persons with knowledge of those transactions or from information transmitted by them (the "Records"). The Records originate from third-party merchandise vendors or sales platforms. Tri Star received the Records in the ordinary course of business, relied on them to perform accounting functions, and incorporated them into BBE's books and records.

Based on Tri Stars' review of the Records, it compiled a report that summarized *gross revenues* generated from the Merchandise, totaling $1,179.90, deducting only the cost of goods sold and merchant processing fees, leaving a net balance of $915.33. A total of 25 tee-shirts were sold through Shopify and Empower Global.

In a trademark infringement case, the law permits three methods of determining damages for a successful plaintiff: (1) disgorgement of the infringer's profits, (2) actual damages, and (3) the costs of the action. Courts have discretion when it comes to applying these methods and determining how much to award in damages.

Under any theory of trademark damages here, assuming Plaintiff's mark was actually infringed, the damages are *de minimis.* We submit that it is vital to schedule a prompt settlement conference before the case proceeds further. As a matter of common sense and economics, the claims asserted in the action have no business being litigated in federal court or elsewhere. As an incarcerated person, Mr. Kenyatta has much time on his hands, but he should not be entitled to use that time in a manner that needlessly imposes hundreds of thousands of dollars of legal costs on Defendants for a valueless, senseless case. BBE has not sold any product in a very long time and has no intention of reviving sales.

Defendants have made a comprehensive settlement offer to Plaintiff, which he rejected on October 29, 2026. We then sent Plaintiff an Offer of Settlement under Fed. R. Civ. P. 68, which he likewise rejected on October 30. We submit that Plaintiff is at a disadvantage because he is unrepresented and fails to recognize the valuelessness of his case or its legal infirmities and ramifications. Defendants continue to deny liability to Plaintiff but, nonetheless, are willing to settle the case.

Defendants seek the benefit of your Honor's settlement conference procedures to facilitate a prompt resolution of this lawsuit and request that a conference be arranged at the Court's earliest convenience. Inasmuch as Plaintiff remains incarcerated, we recognize that his attendance must be by video conference.

Respectfully submitted,

*/s/ Jonathan D. Davis*

Jonathan D. Davis

JDD:hs

cc: Mr. Charles Kenyatta, Jr.